**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| ABDELKERIM BICHARA BICHARA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:25-CV-00126 |
| | § | |
| NORBAL VASQUEZ, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Pending before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Bichara Abdelkerim Bichara[1] ("Petitioner") in which he challenges the duration of his confinement by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). (Dkt. 1 at 21–22.) In response, Federal Respondents[2] Donald Kusser, Director of Laredo Field Office, Kristi Noem, United States Department of Homeland Security Secretary, and Pamela Bondi, United States Attorney General, ("Federal Respondents") have filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Moot. (*See id.* at 19; Dkt. 10.) Federal Respondents inform the Court that Petitioner was removed from the United States on July 25, 2025. (Dkt. 10 at 2, Attach. 1.)[3]

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief

---

[1] Petitioner notes that his correct full name is Bichara Abdelkerim Bichara but that he was "incorrectly registered with only his surname." (Dkt. 1 at 21.)

[2] The United States Department of Justice has informed the Court that it does not represent the Respondent warden in this action. (Dkt. 10 at 1.)

[3] The Parties have labeled their sub-filings as "Exhibits." However, the Court will use "Attachment" to refer to these sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

1 / 3

whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). For a writ of habeas corpus, the release of the petitioner from custody does not automatically moot the case. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Rather, the question "is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id.*

In the immigration context, the removal of a noncitizen who challenges only the duration of his post-removal-order detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 574–75 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that he would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301–02 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner's sole claim is that he is entitled to release from immigration detention because his detention after a final removal order has exceeded the presumptively reasonable time period and there is no significant likelihood of his removal in the reasonably foreseeable future. (Dkt. 1 at 21–22, 25–26, 30) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). Federal Respondents have since notified the Court that Petitioner was removed from the country on July 25, 2025, per the Warrant of Removal/Deportation attached to Federal Respondent's Motion to Dismiss. (Dkt. 10 at 2, Attach. 1.) Because Petitioner has been released and removed from the United States and

because he raises no additional claims before the Court, his Petition for writ of habeas corpus is moot because there is no relief to be effectuated.

Accordingly, Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Moot is GRANTED. It is ORDERED that this case is DISMISSED WITHOUT PREJUDICE as moot.  The Clerk of Court is DIRECTED to TERMINATE this case.

IT IS SO ORDERED.

SIGNED this October 23, 2025.

Diana Saldaña
United States District Judge